UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LISA MARICLE | * | CIVIL ACTION NUMBER: |
| | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| | * | |
| WAL-MART LOUISIANA, LLC ET AL | * | MAGISTRATE JUDGE |

**************************************************************************

## NOTICE OF REMOVAL AND REQUEST FOR TRIAL BY JURY

Wal-Mart Louisiana, LLC, Defendant in the State suit brought by Lisa Maricle, Docket Number 2020-0421 "B" in the Thirty-Sixth Judicial District Court in and for the Parish of Beauregard, State of Louisiana, files this Notice of Removal to remove the case from the Thirty-Sixth Judicial District Court in and for the Parish of Beauregard, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana.

1.

This case commenced in the Thirty-Sixth Judicial District Court in and for the Parish of Beauregard, State of Louisiana, on June 10, 2020 by Lisa Maricle against Wal-Mart Louisiana, LLC.

2.

Process was served on Wal-Mart Louisiana, LLC, on June 23, 2020 as per the copy of the Service Transmittal, Citation and Petition attached hereto as Exhibit "A" *in globo*.

3.

The Plaintiff's action is one of a civil nature in which she seeks to recover from Defendant damages and court costs plus legal interest for injuries that she allegedly sustained in an accident that occurred on July 2, 2019 at the Wal-Mart Store located in DeRidder, Louisiana.

4.

The said civil action as against the removing Defendant is one in which the District Courts of the United States have original jurisdiction by virtue of the fact that there is diversity of citizenship between parties and by virtue of the fact that the amount in dispute exceeds the amount of $75,000.00, exclusive of interest and costs.

5.

Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas and with its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, which is composed of two partners, namely WSE Management, LLC (general partner) and WSE Investment, LLC (limited partner), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas.  The sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas.  All shares of stock in Wal-Mart Stores East, Inc. are owned by Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

6.

The Plaintiff sued a fictitious employee, John Doe, and therefore no such person exists, and no consent was obtained or could be obtained to this Removal.

7.

The Plaintiff alleges that as a result of tripping and falling over boxes at Wal-Mart, she sustained injuries, including, but not limited to her knees, ankles, hips and lower back. However, the Plaintiff did not indicate in her petition whether the amount in controversy exceeded $75,000.00.

8.

Ms. Maricle visited Beauregard Memorial Hospital on July 2, 2019 for her symptoms following the accident and was diagnosed with a left knee sprain and a right ankle sprain. The Plaintiff was discharged and instructed to follow up with her primary care physician, Michael Todd Warren, NP.

9.

Ms. Maricle was later referred to physical therapy for complaints of pain. Lisa Rubino referred the Plaintiff to physical therapy due to the Plaintiff's complaint that she had been experiencing low back pain for three years. During the physical therapy evaluation for her lumbar radiculopathy, Ms. Maricle reported that she had fallen three times in the last two years and that pain had become progressively worse.

10.

A second physical therapy evaluation was also completed after the Plaintiff saw Dr. Jeffrey Traina for her complaints of knee pain and referred her to physical therapy for right knee patellofemoral pain.

11.

After physical therapy and medication failed to alleviate Ms. Maricle's history of lumbar pain, Dr. Gregory Rubino recommended surgical decompression of the right L4-5 and fusing of

the L4-5 disc. Subsequently, the Plaintiff underwent lumbar spine surgery performed by Dr. Rubino on December 26, 2019.

12.

Ms. Maricle later saw Dr. David Delapp for her complaints of bilateral knee pain and received bilateral knee injections for same.

13.

Medical records of the Plaintiff, Lisa Maricle, are attached to this Removal Notice as Exhibit "B" and are incorporated herein as if copied *in extenso*.

14.

The medical records attached contain some personal identifiers of the Plaintiff, Lisa Maricle. Therefore, Defendant respectfully requests that this Honorable Court seal Ms. Maricle's medical records to protect her personal privacy.

15.

Defendant took the Plaintiff's deposition on November 18, 2020, and received the transcript on November 30, 2020 (See Exhibit "C" – Plaintiff's Deposition Transcript). Ms. Maricle stated in the deposition transcript that the fall contributed to her having to have surgery early, and that she was originally referred to Dr. Gregory Rubino by (Michael) Todd Warren, NP in February, 2019 after a fall caused swelling in her lower back. Ms. Maricle confirmed that she is now claiming that the fall at Walmart on July 2, 2019 was a contributor to her having lower back surgery early (See p. 27-29, Exhibit "C"). <u>This was Defendant's first notice that this case was removable to Federal Court.</u>

16.

The Plaintiff also explained that her pain in her lower back before the Walmart accident

4

was a 4 or 5. After the Walmart accident weeks later, it became more of a 7, 8 (See p. 33, Exhibit "C"). Ms. Maricle confirmed that Dr. Rubino performed low back surgery at Lake Charles Memorial Hospital, and that she has not yet been discharged (See p. 34, Exhibit "C").

17.

Ms. Maricle further acknowledged that even though she had prior low back issues and back surgery was suggested before the Walmart accident, she felt that the accident at Walmart had caused or contributed to the surgery she had in December, 2019. (See p. 36-37, Exhibit "C").

18.

Based upon statements in the Plaintiff's deposition transcript, the case has become removable. Plaintiff's deposition transcript is the "other paper" that first notified Defendant of removability and triggered the 30-day removability period. Thus, this Removal is timely since it is being filed within 30 days of taking the deposition and receiving the deposition transcript.

19.

Louisiana jurisprudence has awarded general damages alone in excess of $75,000 for injuries and treatment such as those Lisa Maricle has alleged. For example, a jury awarded $175,000 to a plaintiff that underwent L4-5 fusion and decompression surgery (*Robin v. Allstate Indemnity Company,* 2009-957 (La. App. 3 Cir. 12/8/04); 889 So.2d 450); a judge awarded $150,000 to a plaintiff that had lumbar surgery (*King v. Sewerage & Water Bd.*, 99-0385 (La. App. 4 Cir. 11/24/99); 747 So.2d 200); $260,000 was awarded by a jury to a plaintiff that had lumbar surgery, chronic pain and physical limitations (*Tannehill v. Joguyro, Inc.*, 97-571 (La. App. 5 Cir. 4/9/98); 712 So.2d 238).

20.

The Plaintiff seeks judgment for a reasonable amount of damages claiming past, present and future pain and suffering, loss of enjoyment of life, living expenses, medical expenses and emotional distress. Therefore, based on relief sought and general damages for similar injuries, the amount in dispute exceeds $75,000.00. For these reasons, it appears that the amount in controversy exceeds the jurisdictional amount required for a Federal jury trial.

21.

At the time of the commencement of this action, and at all times since that time, Plaintiff, Lisa Maricle, was and remains a citizen and resident of and domiciled in the Parish of Beauregard, State of Louisiana, as appears from Plaintiff's Petition filed in State Court. Defendant, Wal-Mart Louisiana, LLC, was and still is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company and with its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, which is composed of two partners, namely WSE Management, LLC (general partner) and WSE Investment, LLC (limited partner), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of said two limited liability companies was and still is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. were and still are owned by Defendant, Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

22.

Upon filing of this Notice of Removal and Request for Trial by Jury, written notice is thereof being given to all adverse parties, and a copy of this notice is being filed with the Clerk of Court of the aforesaid State Court to effect the removal of the civil action, all as provided for by law.

23.

This cause is specifically removable to this Honorable Court pursuant to 28 U.S.C. § 1441, *et seq.*

24.

Defendant, Wal-Mart Louisiana, LLC, reserves all rights to object to the jurisdiction of the State Court proceedings should this Court ultimately hold that this action was not removable or improperly removed thereto.

25.

Defendant requests a trial by jury on all issues triable by jury.

WHEREFORE, Defendant, Wal-Mart Louisiana, LLC, prays that the aforesaid civil action be removed from the Thirty-Sixth Judicial District Court for the Parish of Beauregard, State of Louisiana, into this Court for trial and determination as provided by law, particularly, 28 U.S.C. § 1441, *et seq.*, and thereupon to proceed with said civil action as though originally commenced in this Court and for all orders and decrees as may be necessary or appropriate in such cases made and provided. Defendant further prays for a trial by jury.

Defendant, Wal-Mart Louisiana, LLC further prays that the medical records attached hereto as Exhibit "B" be sealed to protect the personal privacy of the Plaintiff, Lisa Maricle.

Respectfully submitted,

**DAVIDSON, MEAUX, SONNIER, McELLIGOTT, FONTENOT, GIDEON & EDWARDS, L.L.P.**

*s/Philip A. Fontenot, #16918*

PHILIP A. FONTENOT, #16918
JAMI LACOUR ISHEE, #35872
810 South Buchanan Street
Post Office Box 2908
Lafayette, Louisiana 70502-2908
Telephone: (337) 237-1660
Facsimile: (337) 237-3676

Attorneys for Wal-Mart Louisiana, LLC

## **CERTIFICATE**

I HEREBY CERTIFY that on this 15th day of December, 2020, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of this filing has this day been forwarded to all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed.

*s/Philip A. Fontenot*